# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LINDA M. HOPPEL,**

        **Plaintiff,**

**-vs-**                                               **Case No. 6:11-cv-1148-Orl-31DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on review of the Commissioner's decision to deny Plaintiff's application for a period of disability and Disability Insurance Benefits. For the reasons set forth herein, it is respectfully recommended that the decision of the Commissioner be **AFFIRMED**.

## Procedural History

On July 11, 2007, Plaintiff protectively filed an application for a period of disability and Disability Insurance Benefits, alleging her disability began May 19, 2007 (R. 99). The application notes that a previous application had been filed (R. 100), and the administrative record reflects that the prior application was denied on May 18, 2007, at the hearing level (R. 111, 103). Plaintiff's date last insured was September 30, 2007 (R. 12).

The instant claim was denied initially and upon reconsideration, and Plaintiff requested and received an administrative hearing before an Administrative Law Judge ("the ALJ") (R. 58-63, 24-48). On March 22, 2010, the ALJ found her not disabled, and the Commissioner issued his Notice of Decision–Unfavorable (R. 9-19). On May 13, 2011, the Appeals Council denied Plaintiff's request

for review (R. 1-7), making the ALJ's March decision the final decision of the Commissioner with respect to this application. This action followed.

The matter has been referred to the undersigned United States Magistrate Judge for issuance of a Report and Recommendation and is fully briefed and ripe for review.

## Nature of Disability Claim

Plaintiff alleges that she was disabled due to rheumatoid arthritis, fibromyalgia, vertigo, IBS, chronic headaches, and knee and hand pain (R. 105).

### *Summary of Evidence*

Plaintiff was fifty-seven years of age on September 30, 2007, the date she was last insured (R. 19, 99, 102). She graduated from high school, completed one year of college, and has past relevant work experience as a case manager (R. 26, 107, 110).

Plaintiff's pertinent medical history with respect to the time period at issue is set forth in the ALJ's decision and in the interests of privacy and brevity will not be repeated here, except as necessary to address Plaintiff's objections. In addition to the medical records of treating providers within the pertinent time period, the record includes the opinions of state agency consultants, the forms and reports completed by Plaintiff with respect to this claim, as well as the testimony of Plaintiff at the hearing and the testimony of a Vocational Expert. By way of summary, the ALJ found Plaintiff had the impairments of arthritis and fibromyalgia, and the record supports this uncontested finding. The ALJ determined that Plaintiff's impairments did not meet or medically equal one of the impairments listed in the Listing of Impairments (the Listings), 20 C.F.R. pt. 404, subpt. P, app. 1, and determined that through the date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work (R. 14-15). The ALJ determined that Plaintiff was capable of: "occasionally lifting/carrying twenty pounds; frequently lifting/carrying 10 pounds;

standing or walking six hours of an eight hour workday; and sitting six hours of an eight hour workday, but could not climb ladders/ropes/scaffolds and should have avoided concentrated exposure to hazards such as machinery, heights, etc." (R. 15). Relying on the testimony of a Vocational Expert, the ALJ determined that Plaintiff was capable of returning to her past relevant work as a case worker, and was therefore not disabled through her date last insured (R. 18-19).

## Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.,* 357 F.3d at 1240 n. 8 (internal citation omitted); *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## Issues and Analysis

Plaintiff raises three issues: 1) whether the ALJ applied the correct legal standards to the opinion evidence; 2) whether the ALJ applied the correct legal standards to evaluate Plaintiff's medication side effects; and 3) whether the RFC is supported by substantial evidence and was formulated by application of the correct standards.

*The Sequential Evaluation*

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, he is not disabled. 29 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit his physical or mental ability to do basic work activities, then he does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, he is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent him from doing past relevant work, he is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering residual functional capacity, age, education, and past work) prevent him from doing other work that exists in the national economy, then he is disabled. 20 C.F.R. § 404.1520(f). The plaintiff bears the burden of persuasion through Step 4, while at Step 5 the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). As this case was determined at Step 4, the burden of persuasion remained with Plaintiff at all relevant times.

*Opinion Evidence*

Plaintiff urges error in the ALJ's failure to consider the opinion of Dr. Benezette, a treating physician, and in giving weight to two non-examining consultants. Generally speaking, substantial weight must be given to the opinion, diagnosis and medical evidence of a treating physician unless

there is good cause to do otherwise. *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d). If a treating physician's opinion on the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight. 20 C.F.R. § 404.1527(d)(2). The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory. *See Edwards*, 937 F.2d 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements.)

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *See Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); *see also Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987). When a treating physician's opinion does not warrant *controlling* weight, the ALJ must nevertheless weigh the medical opinion based on the 1) length of the treatment relationship and the frequency of examination; 2) the nature and extent of the treatment relationship; 3) the medical evidence supporting the opinion; 4) consistency with the record as a whole; 5) specialization in the medical issues at issue; 6) other factors which tend to support or contradict the opinion. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion. *See Wilson v. Heckler*, 734 F.2d 513, 518 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1527(d)(2).

In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178–79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what

the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id.* (citing 20 CRF §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1986)).

Applied here, Plaintiff correctly notes that the ALJ did not discuss or evaluate the treatment notes or opinions of Dr. Benezette, a physician who treated Plaintiff on December 16, 2004 (R. 427), January 25, 2005 (R. 423), and, lastly, on August 31, 2006 (R. 417). The relevant time period at issue in *this* application, however, is May 19, 2007 (the alleged onset) through September 30, 2007, the date last insured. While the notes of Dr. Benezette may well be relevant to (and perhaps foreclosed by) Plaintiff's prior application, there is no showing that this physician was a treating provider at any time during the relevant period here.[1] Indeed, Plaintiff last saw this physician eight months prior to her alleged *onset* date. As such, none of the visits occurred during or near the time Plaintiff claims to have been disabled. As Plaintiff has not met her burden of showing that these treatment notes are relevant to the current application, no error is shown. *See Arrington v. Social Sec. Admin.*, 358 Fed.Appx. 89, 94 (11th Cir. 2009) (no error in an ALJ's alleged failure to consider reports well antedating alleged disability onset date).

Plaintiff next objects to the weight given to two non-examining consultants. The ALJ gave "great weight" to the opinion of Huldie Scott (R. 220-227), who is apparently not a physician, but a single decision maker (R. 17) and also credited the opinion of Janet Attlesey, M.D. (R. 232-239).

With respect to Ms. Scott, Plaintiff argues (correctly) that a single decision maker is not an accepted medical source. As this Court has noted previously, however:

---

[1] The parties do not brief the issue of the preclusive effect of the denial of the earlier application, *see, generally,* 20 CFR 404.987, and the Court need not make such a determination here. It is sufficient to note that Plaintiff's brief relies on evidence well without the period of time in which she claims to have been disabled and there is no evidence that Dr. Benezette was a treating provider at any time during the period of disability alleged here.

> Even assuming, without deciding, that the ALJ should not have considered this evidence, that does not necessarily warrant reversal or remand. As set forth above, the standard on review is whether the determination is supported by substantial evidence. "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, *even if the proof preponderates against it." Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (emphasis added). Thus, if substantial evidence other than the opinion of the non-physician supports the determination, the Court must affirm.

*See Agudelo v. Commissioner of Social Security*, No. 6:10-cv-682-Orl-28DAB, 2011 WL 1660614, at *3 (M.D. Fla. April 8, 2011), *adopted by* 2011 WL 1659377 (M.D. Fla. May 3, 2011). Upon review, the Court finds substantial evidence supports the Commissioner's decision here.

Although Plaintiff's brief includes medical records dating from 1992, the medical evidence from the pertinent time period is minimal, at best, with *no* treating providers records from the date of alleged onset through the date last insured.[2] There are other pertinent records, however. As set forth by the ALJ, on September 4, 2007, the claimant presented to David W. Carpenter, M.D. for a consultative examination (R. 15, 212-218). Dr. Carpenter noted that Plaintiff reported a history of osteoarthritis, rheumatoid arthritis, and fibromyalgia, but she had not seen a rheumatologist since 2004 (R. 212). Plaintiff complained of chronic daily pain affecting all joints of her body (R. 212), but she reported that she could perform her activities of daily living without assistance (R. 212). On examination, Dr. Carpenter found mild point tenderness in her neck and noted no tenderness in her back, no muscle spasm, normal range of motion and negative straight-leg raising (R. 213-17). With respect to her lower extremities, Dr. Carpenter noted that Plaintiff had no motor or sensory deficits,

---

[2]The nearest records prior to onset are those dated March 8, 2007, from Dr. Wesley Driggers (R. 181). Plaintiff presented with ankle pain after twisting her ankle while out walking. On examination, there was no tenderness in her back, she moved all extremities well, with 5:5 strength, palpable pulses, and soft tissue swelling of the right ankle. Assessment was ankle strain, possible small fracture. Rest, ice, an ace bandage, and Tylenol was advised. *Id.* On May 16, 2008, after the date last insured, Plaintiff presented to rheumatologist Howard S. Buchoff, M.D., with complaints of muscle and joint pain (R. 240-241). On examination, Plaintiff had tenderness of the arms, neck, upper back, buttocks, and thighs; but her gait and station were normal and "inspection, palpation, range of motion, stability, muscle strength, and tone of both upper and lower extremities [was] otherwise normal." (R. 240). He diagnosed myalgias and arthralgias, most likely fibromyalgia and degenerative joint disease (R. 241).

no joint deformities, no evidence of joint inflammation, and no point tenderness (R. 214). Plaintiff had normal ambulation and good balance, and was diagnosed with fibromyalgia syndrome and obesity (R. 214).

The ALJ also noted Plaintiff's August 10, 2007 function report (R. 16, 112-114), in which Plaintiff reported that she was able to take care of her daily personal and hygienic needs; she prepares at least simple meals every day; and was able to do laundry and household and outside chores, although her husband and grandson help her. Her testimony at the administrative hearing was also summarized by the ALJ (R. 16).

On March 11, 2008, Janet Attlesey, M.D., a state agency medical consultant, reviewed the record and concluded that Plaintiff, through her date last insured, could lift twenty pounds occasionally and ten pounds frequently, stand or walk for about six hours in an eight hour workday, and sit for about six hours in an eight-hour workday (R. 232-33, 239). She indicated that Plaintiff could perform various postural activities on an occasional basis and that she should avoid concentrated exposure to hazards such as machinery and heights (R. 234, 236). The ALJ credited this assessment that Plaintiff was capable of light exertion work, but gave little weight to the opinion that Plaintiff has occasional postural limitations (R. 17). Plaintiff objects to the ALJ's crediting of this opinion in that Dr. Attlesey was a non-examining consultant, and "[t]he opinion of a non-examining reviewing physician is entitled to little weight and, taken alone, does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990). As is clear, however, the opinion of Dr. Attlesey was not "taken alone." The ALJ also noted the insufficient medical evidence to establish a disability prior to the date last insured, the physical examination that was "essentially within normal limits," and the testimony and self-reported activities of Plaintiff (R. 15-16).

The Court finds that there is substantial evidence to support the ALJ's conclusions that Plaintiff could perform light exertion work without reliance on the opinion of the single decision maker, and the ALJ did not err in giving weight to the opinion of the non-examining medical state agency consultant.

*Plaintiff's Medications*

Plaintiff next contends that the ALJ erred in failing to make findings regarding the effect of prescribed medications and side effects of those medications on her ability to work, and the Appeals Council failed to apply the correct standard in reviewing the "new and material evidence of medication side effects, including pharmacy information sheets" with side effects underlined (Brief at 19).

As noted by the Commissioner, while Plaintiff cites to side effects she allegedly experienced from drugs prescribed well prior to the time at issue here, she fails to cite to any evidence indicating that she experienced side effects from any drugs taken during the relevant period. Indeed, the record reflects that Plaintiff was not claiming that she was experiencing disabling side effects from any medications during this time. In a Disability Report filed in July 2007 and again in a form dated August 10, 2007, Plaintiff did not report side effects when asked to describe any side effects from her medications (R. 109 and 121). Further, Plaintiff noted in the August report that "I do not currently have health insurance so have to rely on OTC meds." *Id.* In other papers, Plaintiff twice specifically reported that she had no side effects from the medication that she used for her fibromyalgia (R. 139, 154). In addition, at the hearing, in response to the question: "Do you take medications?" Plaintiff stated only that she takes Ibuprofen (R. 39). Neither Plaintiff nor her attorney suggested that she had side effects from her medications that might have affected her ability to work (R. 24-48). The Eleventh Circuit has noted:

> Where a represented claimant raises a question as to the side effects of medications, but does not otherwise allege the side effects contribute to the alleged disability, we have determined the ALJ does not err in failing "to inquire further into possible side effects." *Cherry v. Heckler*, 760 F.2d 1186, 1191 n. 7 (11th Cir.1985). Further, if there is no evidence before the ALJ that a claimant is taking medication that cause side effects, the ALJ is not required to elicit testimony or make findings regarding the medications and their side effects. *Passopulos v. Sullivan*, 976 F.2d 642, 648 (11th Cir.1992); *see also Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir.1990) (holding that where the claimant did not complain about the side effects from her prescription medications, other than an isolated mention that they might be responsible for causing her headaches, and where the record did not disclose any concerns from her doctors about side effects, substantial evidence supported the determination that the side effects did not present a significant problem).

*Burgin v. Commissioner of Social Sec.*, 420 Fed.Appx. 901, 904 (11th Cir. 2011) (no error in failing to consider alleged side effects because no evidence claimant was experiencing side effects from his medications).

As for submitting to the Appeals Council pharmacy information sheets with side effects underlined, the Appeals Council must consider new, material, and chronologically relevant evidence and must review the case if the ALJ's "action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b); *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007). This argument has been rejected by the Court of Appeals in other cases. *See Burgin*, 420 Fed. Appx. at 903; *Werner v. Commissioner of Social Security*, 421 Fed.Appx. 935, 938 (11th Cir. 2011) ("Mere lists of potential side effects do not establish that a claimant in fact experienced such side effects."); *Colon ex rel. Colon v. Commissioner of Social Sec.*, 411 Fed.Appx. 236 (11th Cir. 2011) (finding that the Appeals Council committed no error in refusing to remand to the ALJ in the light of the new evidence of pharmacy information sheets).

*The RFC*

Plaintiff's final contention is that the RFC adopted by the ALJ is not supported by substantial evidence in that it includes no limitations from Dr. Benezette; includes no limitations from

medications; and does not include impairments of vertigo, chronic headaches, or alleged feet and knee impairments.

As discussed above, Dr. Benezette did not treat Plaintiff in or near the applicable time period, and Plaintiff failed to allege or show any limitations from her medications. With respect to allegations of vertigo, Plaintiff does not cite to any evidence during the applicable time period to substantiate her allegations. As noted by the Commissioner, Plaintiff stated in 2007 that she last had a vertigo spell six years prior (R. 130, 233). Similarly, Plaintiff fails to cite any evidence of disabling headaches for the relevant period. Although she testified at hearing that she had headaches, she also stated that she used only Ibuprofen for them, and it "tones it down some" (R. 39). There are no records of Plaintiff seeking treatment for headaches at any time from onset to date last insured. Lastly, Plaintiff cites no evidence from the relevant time frame establishing feet or knee impairments. Although Plaintiff sprained her ankle in March 2007, prior to onset, there is no evidence that it did not heal as expected. Indeed, Dr. Carpenter examined Plaintiff in September 2007 and reported that, with respect to her lower extremities, Plaintiff had no motor or sensory deficits, no joint deformities, no evidence of joint inflammation, no point tenderness, normal range of motion, normal ambulation, and good balance (R. 214). As noted above, Plaintiff bears the initial burden of demonstrating that her impairments are "severe." *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). The ALJ is not required to credit impairments that are not supported by any record evidence for the relevant time period.[3]

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § § 416(I), 423(d)(1); 20 C.F.R. § 404.1505. The impairment must be severe, making the

---

[3]Although Plaintiff also objects that "the ALJ included no mental limitations in his RFC finding," no such impairments are alleged.

claimant unable to do his or her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. § § 404.1505-404.1511. While it is clear that Plaintiff had challenges and difficulties, the only issue before the Court is whether the decision by the Commissioner that Plaintiff did not meet this standard is adequately supported by the evidence and was made in accordance with proper legal standards. As the Court finds that to be the case, it must recommend affirming the decision.

## Conclusion

For the reasons set forth above, it is **respectfully recommended** that the decision be **AFFIRMED.** Should this recommendation be adopted, the Clerk should be directed to enter judgment accordingly, terminate all pending matters, and close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 24, 2012.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy